WILLIAMS
*vs.*
TREPAGNIER
& AL.

*WILLIAMS* vs. *TREPAGNIER.*

APPEAL from the court of the first district.

A party who is not injured by a judgment, cannot procure its reversal in the supreme court.

MARTIN, J., delivered the opinion of the court.   This case was before us and was remanded, at March term, 1823, *Vol.* 3, 271. Judgment was given against Trepagnier, and the mortgaged premises were decreed to be sold.   The defendant, Livingston, appealed.

The record shows the plaintiff gave in evidence the records of the following suit :

*Williams* vs. *Weimprender*, on which he had judgment.

*Perret and Livingston* vs. *Weimprender.*

Herman deposed, he was well acquainted with A. Trouard, the endorser of the note sued, and has seen him sign frequently, and believes the signature on the back of the note to be his.   He has not, however, seen him write since 1814.

The defendants introduced the evidence of the suits,

*Williams* vs. *Trouard.*

*Perret and Livingston* vs. *Weimprender.*

East'n. District.
*March*, 1826.

Williams
*vs.*
Trepagnier
& al.

They also introduced an instrument, by which the plaintiff acknowledged the receipt from Trouard, in deposit, as a collateral security of the note sued on.

The failure of Weimprender was admitted.

The appellant urges that,

I. The suit is wrongfully brought; as it is not an hypothecary one, and the plaintiff had no direct action against the defendant, Trepagnier.

II. The proof is irregular, illegal, and insufficient.

III. The plaintiff can in no case sue alone, and maintain an action against Weimprender, when there is a *concurso* to which he is a party.

We are of opinion that the appellant cannot complain of a judgment obtained, by the plaintiff against Trepagnier, for a specific sum, to be paid by the latter, while nothing is determined adversely to the appellant.

It may be true that Trepagnier was wrongfully sued; that the plaintiff failed in his proof; that Weimprender has failed; but still Trepagnier does not set up these grounds of complaint: we cannot see the appellant's right to do so.

WILLIAMS
*vs.*
TREPAGNIER
& AL.

It is therefore ordered, adjudged, and decreed that the judgment be affirmed, with costs.

*Hennen* for the plaintiff, *Waggaman* for the defendants.